

**Ariel Y. Graff**
ari@ottingerlaw.com

March 25, 2015

**BY ECF**

The Hon. Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Rodriguez v. 21st Century Cosmetic Dental Lung Chao DDS, P.C.*,
             No. 13-cv-6806 (JFB)(AYS)

Dear Judge Bianco:

We represent Plaintiff Jennifer Rodriguez in the above-referenced action. We write in opposition to Defendants' letter dated yesterday (ECF #17), which requests that the discovery period – which ended on March 11, 2015 – be reopened and extended for an additional 14 weeks. As set forth below, Defendants have failed to demonstrate the requisite showing of good cause to extend (let alone reopen) discovery, and their application should therefore be denied.

Discovery in this single-Plaintiff employment discrimination case was ongoing for more than eleven months, and finally concluded two weeks ago, on March 11, 2015. As stated in Defendants' letter, Defendants now seek to reopen discovery for an additional 14 weeks because Defendants purportedly wish to: (i) depose two non-parties who were identified in Plaintiff's Initial Disclosures nearly one-year ago, on April 30, 2014; and (ii) to obtain Plaintiff's responses to Defendants' Second Set of Document Requests, which Defendants did not serve until yesterday evening – nearly two weeks after the discovery deadline – and only one-day prior to today's deadline for dispositive motions.

Defendants' letter advances no explanation regarding the relevance or asserted need for these specific items of additional discovery in the first instance, nor do Defendants proffer any basis to suggest that such items could not have been obtained through timely, diligent efforts

during the 11-month discovery period.[1] As such, Defendants have plainly failed to carry their burden in seeking to reopen and extend the discovery period. *See*, *e.g.*, *Gotlin v. Lederman*, 04-cv-3736 (ILG), 2009 WL 2843380, at *7 (E.D.N.Y. Sept. 1, 2009) ("application to reopen discovery should be denied where the moving party 'has not persuaded the court that it was impossible to complete the discovery by the established deadline'") (quoting *Gavenda v. Orleans Cnty.*, 95-cv-251E, 1996 WL 377091, at *2 (W.D.N.Y. June 19, 1996); *King v. Friend of Farmer, Inc.*, 97-cv-9264, 2000 WL 290355, at *1 (S.D.N.Y. Mar. 21, 2000) ("party seeking to reopen discovery must show why the court's deadlines could not 'reasonably' have been made 'despite [its] diligence'")).

Defendants' application to reopen and extend discovery for an additional 14 weeks should therefore be denied.

Thank you for Your Honor's consideration.

Respectfully submitted,

Ariel Y. Graff

cc: Daniel J. Grace, Esq. (counsel for Defendants)

---

[1] Although Defendants' letter asserts that Defendants did not receive Plaintiff's deposition transcript from their court reporter until some time after the date of Plaintiff's deposition, Defendants decline to state when they actually received Plaintiff's deposition transcript, or why it was somehow impossible to expedite that timeframe. More importantly, Defendants do not explain how they were possibly precluded from serving additional requests for production even prior to their receipt of Plaintiff's actual deposition transcript. Finally, although Defendants' letter offers no information whatsoever concerning the substance of their Second Set of Document Requests, it should be noted that after reviewing the same yesterday evening, it is apparent to Plaintiff that the items at issue are entirely irrelevant to any party's claims or defenses in this case and, as such, would be beyond the scope of permissible discovery even had they been timely served.