UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Jennifer Rodriguez,

      *Plaintiff*

Docket No. **13-CV-06806**

**AFFIDAVIT OF SERVICE**

  - against -

21st Century Cosmetic Dental
Lung Chao DDS, P.C.,

      *Defendant*
------------------------------------------------------------X

Deponent, being duly sworn, deposes and says as follows under the penalty of perjury:

    I am not a party to the action and am over 18 years of age.

    On 12/29/2015 I served the annexed

REPORT & RECOMMENDATION AND CERTIFICATION OF FACTS

by depositing a true copy thereof in a postpaid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within this State, addressed to the last known address of **Lisa Mursalim**, as indicated below:

    LISA MURSALIM,
    95-21
    109th STREET,
    SOUTH RICHMOND HILL,
    NY 11419

*Deponent*

__ Daniel Grace     __ Troy Tyree
__ Leonid Chernukhin     _✓_ John Camacho

The above affiant, whose identity is personally known to me based on reliable photographic identification, personally came before me and, after being duly sworn, testified that the contents of the within affidavit are true.

In witness whereof, I have hereunto affixed my hand on 12/29/2015.

*Notary Public*

_✓_ Alexander RUDENOK
ID No. 01RU6241666
Qualified in Kings County
Commission Expires 05/23/2019

__ Ilya MURAFA
ID No. 02MU6284586
Qualified in New York County
Commission Expires 06/17/2017

__ Leonid CHERNUKHIN
ID No. 01CH6251249
Qualified in Kings County
Commission Expires 11/14/2019



# GARY TSIRELMAN P.C.

ATTORNEYS & COUNSELORS AT LAW

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
dgrace@gtmdjd.com

| Gary TSIRELMAN M.D. | Stefan BELINFANTI | Douglas MACE |
| Darya KLEIN | Ilya MURAFA | Stephen GURFINKEL |
| Selina CHIN | Daniel GRACE | Sebastian MELO |
| Irena GOLODKEYER | Nicholas BOWERS | |
| David GOTTLIEB | Joseph PADRUCCO | |
| Viktoriya LITVENKO | | |

12/29/2015

Lisa Mursalim,
95-21 109th Street,
South Richmond Hill,
NY 11419

RE: Jennifer Rodriguez vs. 21st Century Cosmetic Dental Lung Chao DS, P.C. Case # 13-CV-06806

Dear Ms Mursalim:

I refer to the above referenced case.

Please see attached Report & Recommendation and Certification of Facts. This Order was issued by the Court in the above referenced case as a result of your non-appearance at previously scheduled depositions and a Court appearance dated December 11, 2015.

If you have any questions please do not hesitate to contact me.

Yours Sincerely,

Daniel Grace

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JENNIFER RODRIGUEZ,

                Plaintiff,                  **REPORT & RECOMMENDATION**
                                                    **AND CERTIFICATION OF FACTS**
                                                    **13 CV 6806 (WFK)(LB)**

    - against -

21st CENTURY COSMETIC DENTAL
LUNG CHAO DDS, P.C.,

                Defendant.
-----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

    Defendant moves this Court to hold non-party Lisa Mursalim in contempt of Court for failing to comply with properly served subpoenas to appear at her deposition on three different dates, one of which was ordered by the Court, and to sanction her. (ECF No. 24.) In accordance with 28 U.S.C. § 636(e), I certify the following facts constituting Ms. Mursalim's contempt and hereby order Ms. Mursalim to show cause before the Honorable William F. Kuntz, United States District Judge, on **January 14, 2016 at 12:30 p.m.** in Courtroom 6H North, why she should not be held in civil contempt and punished for such contempt. I respectfully recommend, pursuant to 28 U.S.C. § 636(b)(1)(B), that the motion for contempt should be granted.

### I.    Magistrate Judge's Contempt Authority

    Under certain circumstances, a magistrate judge may rule on a motion for civil contempt: in cases in which the parties consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c) and in misdemeanor proceedings under 18 U.S.C. § 3401. 28 U.S.C. § 636(e)(4). In all other cases, the magistrate judge shall certify facts relevant to the issue of civil contempt to the assigned district judge and may order the person whose behavior is alleged to constitute contempt to appear before the district judge to show cause why they should not be held in contempt. Id. § 636(e)(6)(B)(iii); Giuliano v. N.B. Marble Granite, No. 11-MC-00753, 2014 U.S. Dist. LEXIS 85448, at *3–4 (E.D.N.Y. June 20, 2014)

(the magistrate judge must certify the facts constituting contempt in non-consent civil cases). "The certification of facts under section 636(e) serves to determine whether the moving party can adduce sufficient evidence to establish a *prima facie* case of contempt." Church v. Steller, 35 F. Supp. 2d 215, 216–17 (N.D.N.Y. 1999).

## II. Standards for Civil Contempt

Rule 45(e) of the Federal Rules of Civil Procedure provides that the Court issuing a subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." See also Toxey v. United States, No. 10 Civ. 3339, 2011 U.S. Dist. LEXIS 95659 (S.D.N.Y. Aug. 25, 2011). It is appropriate to hold a party in civil contempt for failure to comply with a court order if: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and unambiguous, (3) the contemnor has not diligently attempted to comply in a reasonable manner." Giuliano, 2014 U.S. Dist. LEXIS 85448, at *14 (internal quotation marks and citation omitted).

The Rule applies to non-parties like Ms. Mursalim. See Mauro v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 97416, at *3–4 (E.D.N.Y. Oct. 21, 2009) (entertaining motion to find non-party in contempt of court). Especially where the person is a non-party, "courts have generally been reluctant to invoke contempt powers for failure to comply with a subpoena without the prior issuance of a court order compelling that compliance . . . ." NXIVM Corp. v. Bouchey, No. 11-MC-0058, 2011 U.S. Dist. LEXIS 123137, at *8 (N.D.N.Y. Oct. 24, 2011) (citing cases). "'Before imposing sanctions for civil contempt, due process requires that the person receive notice and an opportunity to be heard.'" Mauro, 2009 U.S. Dist. LEXIS 97416, at *4 (quoting Sanchez v. Pathmark Stores, No. 04 Civ. 1159, 2009 U.S. Dist. LEXIS 12459, at *3 (S.D.N.Y. Feb. 17, 2009).

### III. Certified Facts

The Court hereby certifies that Defendant has set forth a *prima facie* case for contempt based on the following facts. Plaintiff initiated this employment discrimination action against her former employer on December 4, 2013. (ECF No. 1.) Plaintiff testified at her February 24, 2015 deposition that Ms. Mursalim was present "at secret meetings" with Plaintiff's superiors during which they discussed their intention to fire Plaintiff. (Decl. of Daniel Grace, ECF No. 24-2 ¶¶ 3, 5.) Based on Ms. Mursalim's alleged knowledge of "core facts underlying the claim," Defendant's counsel obtained a court-issued subpoena noticing Ms. Mursalim's deposition on May 5, 2015. (ECF No. 24-5.) Counsel properly served the subpoena and a check for the appearance fee upon Mursalim's grandmother at Ms. Mursalim's home on April 21, 2015. (ECF No. 24-1 at 2; Grace Decl. ¶ 9; ECF No. 24-5.) Defendant's counsel called Ms. Mursalim prior to the May 5th deposition to confirm her appearance on the date and time specified. (Grace Decl. ¶ 10.) Although Ms. Mursalim had received the subpoena, she stated she had started a new job and might not be able to attend a deposition on a weekday. (Id.) Ms. Mursalim failed to appear to the May 5, 2015 deposition. (Id. ¶ 11; ECF No. 24-6.) Counsel waited an hour after the noticed 10:00 a.m. start time before noting Ms. Mursalim's failure to appear on the record.

Defendant's counsel notified Magistrate Judge Shields[1] of Ms. Mursalim's failure to comply with the subpoena. (Grace Decl. ¶ 12.) The Court suggested that Ms. Mursalim be given another opportunity to appear. Defendant's counsel contacted Ms. Mursalim to ascertain a convenient date for the deposition. (Id. ¶ 12–13.) Ms. Mursalim stated to counsel that she could not attend a May 23rd deposition, but proffered an alternative date. (Id. ¶ 13.) Defendant's counsel has thereafter been unable to contact Ms. Mursalim. (Id.) On June 1, 2015, Defendant served a subpoena for Ms. Mursalim to

---

[1] Prior to its transfer to this Court, this case was assigned to Magistrate Judge Shields and District Judge Bianco.

3

testify at a June 20, 2015 deposition[2] upon Ms. Mursalim's grandmother at Ms. Mursalim's home. (Id. ¶ 14; ECF No. 24-7.) Ms. Mursalim failed to appear at the June 20 deposition and, after waiting 30 minutes, Defendant's counsel noted Ms. Mursalim's nonappearance on the record. (ECF No. 24-8.)

Defendant then moved for an order of civil contempt before Magistrate Judge Shields. On venue grounds, the Court *sua sponte* transferred the case and pending motion to the Brooklyn courthouse. After holding a status conference in this matter on November 12, 2015, I directed the parties to notice Ms. Mursalim's deposition one more time. The Court's Order explicitly directed Ms. Mursalim to timely appear for her deposition on December 2, 2015, at 10:00 a.m. at Plaintiff's office and gave the office location. (ECF No. 27.) Likewise, the Court's Order explicitly warned Ms. Mursalim that if she failed to appear at her deposition on December 2, 2015, she was ordered to appear before me on December 11, 2015 to show cause for her failure to comply with the Court's Order. (Id.) Finally, the Court's Order explicitly warned Ms. Mursalim that should she fail to appear or to show good cause, I would certify the facts for Judge Kuntz to determine whether to hold Ms. Mursalim in contempt and to impose sanctions, which may include a fine, attorney's fees and costs, as well as a warrant for her arrest. Ms. Mursalim failed to appear at the deposition on December 2 or at the Court's December 11, 2015 conference. (ECF No. 28.)

IV. **Analysis and Conclusions**

The three subpoenas and the Court's November 12, 2015 Order were "clear and unambiguous" in identifying the date, time, and location of Ms. Mursalim's depositions and the requirement that she timely appear. The proof of Ms. Mursalim's non-compliance is also clear and unambiguous, documented both by the court reporters on the scheduled deposition dates and by the Court on the record when Ms. Mursalim failed to appear at the December 11, 2015 conference. With respect to the third element of the contempt inquiry, it is clear that Ms. Mursalim has made no effort to comply with

---

[2] Defendant selected June 20, 2015, a Saturday, to accommodate Ms. Mursalim's work schedule. (Tr. at 10:2–6, ECF No. 31.)

4

the Court's orders, such as proffering a date on which she could attend a deposition. Even when Defendant accommodated Ms. Mursalim's schedule by setting the deposition on a Saturday, she did not appear for her deposition. It is therefore respectfully recommended that unless Ms. Mursalim shows good cause on January 14, 2016, the Court should issue an Order holding Ms. Mursalim in contempt for her failure to comply with the Court's order to appear at the December 11 conference and to obey its subpoenas.

Defendant's counsel shall send a copy of this Order to Ms. Mursalim and file proof of service forthwith.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: December 21, 2015
       Brooklyn, New York